NO. 07-01-0485-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 15, 2002



______________________________




JESSIE LACY, APPELLANT



V.



POTTER COUNTY, ET AL., APPELLEES




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 13,896-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and REAVIS, JJ.

 Samuel Brown Silverman appeals from the trial court's order granting taxing entities
of Potter County excess proceeds from an order of sale in the amount of $5,036.28. 
Presenting two issues, he contends (1) the trial court's ex parte hearing denied him due
process resulting in reversible error because he was not given notice under Rule 21a of
the Texas Rules of Civil Procedure in a contested case where pleadings were properly
served and a hearing date was set; and (2) the trial court's failure to respond to a timely
and proper request for findings of fact and conclusions of law is presumed harmful where
Potter County, et al. was awarded ex parte all of the excess proceeds. For the reasons
expressed herein, we reverse and remand.

 In 1994, judgment was entered against Jessie Lacy for delinquent taxes on a parcel
of real property and an order of sale for real property ensued to satisfy the debt. An
excess of $5,036.28 was deposited with the Potter County Clerk in 1996 and a notice of
excess funds was given to Jack Weinberger. Eunice L. Weinberger, Individually and as
the Independent Executrix of the Estate of Jack Weinberger, the legal and equitable
beneficiary of a deed of trust securing the purchase-money lien of the property against
which taxes were assessed, assigned the lien to Silverman, who filed a petition to claim
the excess proceeds. The Amarillo Hospital District, as a taxing entity of Potter County,
filed an application for a portion of the excess proceeds to satisfy a medical debt of Jessie
Lacy, deceased. On August 28, 2001, the trial court ordered that the hospital district
recover $637.66 and that Silverman recover the remainder of the excess proceeds totaling
$4,398.62. On September 4, 2001, the trial court set aside its August 28 order and granted
a new hearing on the ground that the taxing entities had not been given notice of the
hearing. Thereafter, Potter County filed a motion to release the entire amount of excess
funds. Without notice to Silverman, on September 10, 2001, the trial court ordered the
excess proceeds be released to the taxing entities of Potter County.

 By its brief, Potter County candidly acknowledges and stipulates that the trial court's
order of September 10, 2001 be reversed and the cause remanded to the trial court for
further proceedings on the ground that no reporter's record of the hearing was made. 
Agreeing with Potter County we reverse the judgment of the trial court and remand the
cause for further proceedings.

 Don H. Reavis

 Justice

 

Do not publish.



 Locked="false" Priority="9" QFormat="true" Name="heading 9"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-0116-CR

NO. 07-11-0117-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

APRIL 13, 2011

______________________________

 

 

JUAN FRANCISCO PACHECO, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

 

NOS. 61,408-B & 62,495-B; HONORABLE JOHN B. BOARD,
JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            Pending before this
Court are Appellant's Motions to Withdraw Appeals in which he represents
that he no longer wishes to pursue these appeals.  The motions are signed by Appellant's attorney.  Tex. R. App. P. 42.2(a).  Appellant did not, however, sign the motions
as required by Rule 42.2(a) of the Texas Rules of Appellate Procedure.  Rather, Appellant's signature is affixed to
documents entitled Appellant's Consent to
Motion to Withdraw Appeals in which he confirms that he wishes to withdraw
these appeals.  Therefore, we suspend the operation of
that portion of Rule 42.2(a) insofar as it requires that Appellant's signature
be affixed to the Motions to Withdraw
Appeals and accept Appellant's signature on his Consent to Withdraw Appeals as satisfying the requirements of Rule
42.2(a). 
See Tex. R. App. P. 2.  No
decision of this Court having been delivered, the motions are granted and the
appeals are dismissed.  No motions for
rehearing will be entertained and our mandates will issue forthwith.

 

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

Do not publish.